IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROGER CROSLEY,

      Plaintiff,

vs.                                              Civ. No. 24-891 JFR/SCY

GURPREET SINGH; COOL TRANS
CARRIER, INC.; MALWA FINANCIAL
AND INSURANCE COMPANY; and
LYNN WADLEY,

      Defendants.

## ORDER TO AMEND NOTICE OF REMOVAL

This matter comes before the Court sua sponte, following its review of the Notice of Removal, filed by Defendant Cool Trans Carrier on September 6, 2024. Doc. 1. Defendant removed this action to federal court citing diversity jurisdiction. *Id.* at 1. The Court has a sua sponte duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the notice of removal, the applicable law, and being otherwise fully advised in the premises, concludes that the notice of removal fails to allege the necessary facts to sustain diversity jurisdiction.

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." When a plaintiff files a civil action in state court over which the federal court would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v.*

*Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).

Here, the notice of removal correctly alleges the citizenship of the individual Plaintiff (Roger Crosley) and the individual Defendants (Gurpreet Singh and Lynn Wadley). Doc. 1 ¶¶ 3, 5, 11. However, the notice of removal fails to sufficiently allege the citizenship of the corporate Defendants (Cool Trans Carrier, Inc. and Malwa Financial & Insurance Co.). A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See id.* § 1332(c). The notice of removal fails to provide either the state of incorporation or the principal place of business for either corporate Defendant. *See* Doc. 1 ¶ 6 ("In his Complaint Plaintiff alleges that 'Defendant Cool Trans Carrier Inc, [] is authorized to do business in the State of New Mexico and may be served with process by delivery of summons and a true and accurate copy of this Complaint to 701 Rooster Drive, Bakersfield, California 93307.'"); *id*. ¶ 8 ("In the Complaint Plaintiff alleges that 'Defendant Malwa Financial & Insurance Company [] is a commercial insurance company in California.'").

Neither did Defendant Cool Trans Carrier file an accurate disclosure statement as to its own citizenship. *See* Fed. R. Civ. P. 7.1(a)(2) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: when the action is filed in or removed to federal court."). Defendant Cool Trans Carrier's corporate disclosure statement fails to list its citizenship. Doc. 5.

Accordingly, the Court will give the removing Defendant the opportunity to file an amended notice of removal to allege facts necessary to sustain diversity jurisdiction. *See Hendrix*

2

*v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

**IT IS HEREBY ORDERED** that Defendant Cool Trans Carrier amend the Notice of Removal to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than October 4, 2024.

**IT IS FURTHER ORDERED** that if such an amended notice of removal is not filed by October 4, 2024, the Court may remand this action back to state district court.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE